IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GUENTHER MARTENS, ET AL.,

    Plaintiffs,                                           06cv0737

v.                                                    **Electronically Filed**

ARIANA & NATHANIEL CONTRACTING, INC.,
ET AL.,

    Defendants.

## MEMORANDUM OPINION

**October 17, 2006**

      Before the Court is defendant BB&T of West Virginia's (BB&T's) motion to dismiss (doc. no. 54) plaintiffs' claims against it in their Amended Complaint. The Amended Complaint alleges that BB&T, a "lending institution," lent money to plaintiffs for the purchase and installation of a manufactured home, was "required to, *inter alia*, release funds to [contractors] in stages and to inspect the work . . . prior to release of those funds" as part of their loan agreement, and that BB&T failed in its fiduciary obligations to protect plaintiffs from negligent and or fraudulent construction of the manufactured home and its foundation. Amended Complaint, ¶8, 26, 27. Plaintiffs also allege that they "relied upon BB&T's contractual promise to inspect the manufactured home and its construction." Amended Complaint, ¶ 28.

      After careful consideration of the motion to dismiss, the memoranda in support and in opposition, and the loan agreement, there is no doubt that BB&T should be dismissed from this lawsuit pursuant to the plain and unambiguous terms of its contract.

      In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County*

*Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d Cir. 1990).

     In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

     Plaintiffs and BB&T both rely on Pennsylvania law to determine the motion to dismiss and this Court will do likewise, although the result would not vary no matter what law applied because the matter is determined by simple contract interpretation. The intent of the parties is the paramount consideration in the interpretation of any contract and that intent is to be ascertained from the document itself where its terms are clear and unambiguous. *J.C. Penny Co., Inc. v. Giant Eagle, Inc.*, 813 F.Supp. 360, 367 (W.D.Pa. 1992). As the Supreme Court of Pennsylvania explained in some detail in *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982), the intent of the parties "is to be regarded as being embodied in the writing itself, and when the words are clear

and unambiguous the intent is to be discovered only from the express language of the agreement." (citations omitted). Where the parties have clearly expressed their intentions in plain language, therefore, the Court need not resort to extrinsic aids or evidence, and the focus of interpretation is strictly on the terms of the agreement. *Id., citing East Crossroads Center, Inc. v. Mellon-Stuart Co.,* 205 A.2d 865, 866 (Pa. 1965).

Where the written terms of a contract are plain and unambiguous and can only be read in one way, the Court will interpret the contract as a matter of law. *Stendardo v. Federal Nat'l Mort. Ass'n.*, 991 F.2d 1089, 1094 (3d Cir. 1993). The threshold question, also for the Court to resolve, is *whether* the terms of the contract are ambiguous, and if they are, then it is for the fact finder to resolve the ambiguity in light of all extrinsic evidence. *Stendardo*, 991 F.2d 1094; *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994); *J.C. Penney Co.*, 813 F.Supp. 367.

In the clearest of terms, plaintiffs' agreement with BB&T precludes reliance on BB&T's reserved <u>right</u> to inspect (not "duty" or "obligation" to inspect) which is "solely to protect Bank's security interest and . . . not . . . to ensure the quality of the construction . . . or the performance of Builder or any supplier or subcontractor," does not create any fiduciary obligations as BB&T "serves in the capacity as lender only," and precludes any "liability to Borrower for any failure of Builder to perform for any reason whatsoever . . . ." The circumstances of *Garbish v. Malvern Federal Savings and Loan Ass'n.*, 358 Pa.Super. 282, 517 A.2d 547 (1986), *allocatur denied*, 516 Pa. 641, 533 A.2d 712 (1987), and the contractual obligations and fiduciary role of the lender in that case bear little resemblance to BB&T's contractually defined role and obligations in this case. See *Kramer v. Carrabino*, 425 Pa.Super. 222, 225, 624 A.2d 648, 649-50 (1993) (in

3

determining bank's duties, Court "must look to the terms of the construction loan agreement . . . [and] if the terms of the construction loan agreement are clear and unambiguous," summary judgment for the lender is appropriate), quoting *Henry v. First Federal Savings & Loan Ass'n. of Greene County*, 313 Pa.Super. 128, 134-35, 459 A.2d 772, 775 (1983).

In the face of the unambiguous language of plaintiffs' loan agreement with BB&T, any reliance on BB&T's non-existent "obligation" to inspect the project would have been wholly unjustified. Plaintiffs' claims against BB&T will be dismissed with prejudice, therefore, as without merit.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc:   All counsel of record as listed below